<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

CHRISTIE FIGURACION,

    *Plaintiff,*

    v.

SALEM COUNTY, *et al.*,

    *Defendants.*

Civil Action No. 25-15948

**OPINION**

---

  **THIS MATTER** comes before the Court on the Complaint of Christie Figuracion ("Plaintiff"), a pretrial detainee formerly housed at the Atlantic County Justice Facility ("ACJF"), under 42 U.S.C. § 1983 and the Americans with Disabilities Act alleging that Defendants were deliberately indifferent to her serious mental health needs in violation of the Fourteenth Amendment. (*Compl.*, ECF No. 1.) Defendants CFG Health Systems, LLC ("CFG"), Joseph Selm, Psy.D., Diane DeBlase, APN, Salem County, Warden Bowick, and Deputy Warden Sabatino filed Motions to Dismiss Plaintiff's Complaint ("motions") pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF Nos. 12, 13.) Plaintiff opposes the motions. (ECF Nos. 16, 17.) The Court decides the motions without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons that follow, the motions are denied.

  **I.**  **BACKGROUND AND PROCEDURAL HISTORY**

  Because this matter is before the Court on a motion to dismiss, the Court accepts the factual allegations of the Complaint as true and draws all reasonable inferences in Plaintiff's favor. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008) (holding that at the Rule 12 stage,

courts must accept factual allegations as true and construe them in the light most favorable to the plaintiff).

Plaintiff was transferred to Salem County Correctional Facility ("SCCF") on October 17, 2023, from Edna Mahan Correctional Facility for Women. (*Compl.*, ECF No. 1 ¶ 2.) Prior to her transfer, Plaintiff had an extensive and well-documented history of serious mental illness, repeated suicide attempts, self-injurious behavior, and more than thirty psychiatric hospitalizations, many involuntary. (*Id.*) She had previously been housed in a medical unit and placed on forced medication protocol. (*Id.*)

According to the Complaint, Defendants were aware of this history upon Plaintiff's arrival at SCCF, including her prior incarceration at the same facility during which similar mental health concerns were documented, and the fact that Plaintiff was facing multiple criminal charges carrying the potential for additional incarceration. (*Id.* ¶ 3.)

During the relevant period of detention, Plaintiff allegedly reported feeling overwhelmed, repeatedly requested mental health treatment, and asked to remain housed in a monitored unit. (*Id.* ¶¶ 4–5.) Although she was initially placed in a segregated unit, Plaintiff was later moved to general population on the second floor, which she alleges was not adequately monitored, and she did not receive appropriate mental health care despite continued requests for assistance. (*Id.* ¶¶ 6–8.)

SCCF records allegedly reflected Plaintiff's deteriorating mental condition, including mood instability, poor insight and judgment, and withdrawal, yet no suicide precautions were implemented. (*Id.* ¶ 5–6.) On November 6, 2023, Plaintiff was removed from a monitored unit despite staff knowledge that such placement was necessary. (*Id.*)

On the night of November 7, 2023, Plaintiff was housed in a second-floor cell at SCCF. (*Id.* ¶ 7.) During overnight rounds, correctional officers allegedly observed that Plaintiff's cell

2

door was unlocked but failed to secure it or provide increased supervision. (*Id.* ¶¶ 9–12.) Shortly after midnight on November 8, 2023, Plaintiff exited her cell, climbed over a railing, and jumped to the floor below. (*Id.* ¶ 13.) Plaintiff sustained severe and permanent injuries, including multiple fractures and spinal cord injury, requiring emergency hospitalization, multiple surgeries, and extended rehabilitation. (*Id.* ¶¶ 15–17.)

Plaintiff alleges that Defendants failed to provide constitutionally adequate mental health care, failed to implement suicide-prevention measures, and failed to protect her from a substantial and foreseeable risk of self-harm. (*Id.* ¶¶ 76–99.) Plaintiff further alleges that these failures were not isolated, but rather the product of systemic deficiencies in mental health care and supervision at SCCF. (*Id.*) She seeks damages for the injuries and losses allegedly caused by Defendants' conduct. (*Id.* ¶ 18.)

## II.    LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that plausibility requires more than labels and conclusions, but less than a probability requirement); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that a complaint must raise a right to relief above the speculative level).

A court may disregard legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (distinguishing factual allegations from legal conclusions), but may not weigh evidence or resolve factual disputes at this stage. The inquiry is limited to whether the pleaded facts permit a reasonable inference of liability. *Iqbal*, 556 U.S. at 678.

## III.    DISCUSSION

### A. Deliberate Indifference Claims Against Joseph Selm, Psy.D., Diane DeBlase, APN

3

The Eighth Amendment, applicable to pretrial detainees through the Fourteenth Amendment, imposes a duty on prison officials to provide adequate medical and mental health care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (establishing that deliberate indifference to serious medical needs violates the Eighth Amendment); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003) (applying *Estelle* to pretrial detainees through the Fourteenth Amendment).

To plead deliberate indifference, a plaintiff must allege both a serious medical need and that the defendant knew of and disregarded an excessive risk to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (defining deliberate indifference as subjective awareness of and disregard for a substantial risk of serious harm).

Plaintiff alleges that Defendants Joseph Selm, Psy.D. ("Selm") and Diane DeBlase, APN ("DeBlase") were directly responsible for her mental health evaluation and treatment, were aware of her serious mental illness and suicide risk, and nevertheless failed to implement appropriate treatment or safeguards. (*Compl.*, ECF No. 1 ¶¶ 36–65.) These allegations go beyond a mere disagreement with medical judgment or a claim of negligence.

The Third Circuit has cautioned that courts must take particular care when evaluating deliberate indifference claims involving suicide risk at the pleading stage. *Palakovic v. Wetzel*, 854 F.3d 209, 228–30 (3d Cir. 2017) (holding that allegations of known suicide risk, serious mental illness, and deficient monitoring plausibly state a claim for deliberate indifference). Drawing all reasonable inferences in Plaintiff's favor, the Complaint plausibly alleges that Selm and DeBlase recognized a substantial risk of serious harm and failed to respond reasonably. (*See generally Compl.*, ECF No. 1.)

Dismissal of the claims against Selm and DeBlase is therefore inappropriate.

4

**B. Claims Against CFG Health Systems, LLC**

CFG Health Systems, LLC ("CFG") argues that it cannot be held liable under § 1983 on a theory of *respondeat superior* and that Plaintiff fails to plead a policy or custom under *Monell v. Department of Social Services*, 436 U.S. 658 (1978) (holding that municipalities and private entities acting under color of state law are liable under § 1983 only for constitutional violations caused by their policies or customs). (*Mot.*, ECF No. 12 at 16–17.)

A private medical contractor providing services to inmates acts under color of state law and may be liable where a policy, custom, or practice causes constitutional injury. *Natale*, 318 F.3d at 583–84 (recognizing *Monell* liability for private prison medical providers); *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397 (1997) (same).

Plaintiff alleges that CFG maintained policies or customs of inadequate staffing, insufficient suicide-prevention protocols, and failure to train and supervise mental health providers, and that these deficiencies caused her injury. (*Compl.*, ECF No. 1 ¶¶ 89–102.) At the pleading stage, Plaintiff need only allege—not prove—the existence of such policies. *McTernan v. City of York*, 564 F.3d 636, 657–58 (3d Cir. 2009) (holding that a plaintiff must identify a custom or policy and specify how it caused the constitutional violation).

Plaintiff has done so here. Accordingly, the claims against CFG survive dismissal.

**C. Claims Against Salem County**

Salem County contends that Plaintiff fails to plead municipal liability and relies improperly on *respondeat superior*. (*Mot.*, ECF No. 14-1 at 13–14.) The Complaint alleges, however, that the County was responsible for the operation of SCCF, contracted with CFG for inmate medical care, and failed to implement or enforce adequate policies governing mental health treatment and suicide prevention. (*Compl.*, ECF No. 1 ¶¶ 89–102.)

5

Municipal liability may arise where a failure to train or supervise reflects deliberate indifference to the constitutional rights of inmates. *City of Canton v. Harris*, 489 U.S. 378, 388 (1989) (holding that failure to train may constitute a policy or custom where it reflects deliberate indifference); *Estate of Roman v. City of Newark*, 914 F.3d 789, 798–99 (3d Cir. 2019) (reaffirming that deliberate indifference may be shown through knowledge of a pattern of violations or obvious risk).

Plaintiff plausibly alleges that Salem County knew of systemic deficiencies in inmate mental health care and failed to take corrective action. (*Compl.*, ECF No. 1 ¶¶ 89–102.) These allegations are sufficient at the pleading stage.

### D.  Supervisory Liability: Warden Bowick, and Deputy Warden Sabatino

Supervisory officials may be liable under § 1983 where, with deliberate indifference, they establish or maintain policies or practices that directly cause constitutional harm. *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316–17 (3d Cir. 2014) (holding that supervisors may be liable for failure to implement adequate suicide-prevention policies), *rev'd* on other grounds, 575 U.S. 822 (2015).

Plaintiff alleges that Warden Bowick and Deputy Warden Sabatino were responsible for inmate safety and institutional policies at SCCF, were aware of deficiencies in mental health care and suicide prevention, and failed to act despite the foreseeable risk of harm. (*Compl.*, ECF No. 1 ¶¶ 76–88; 103–109.)

At this stage, these allegations plausibly state a claim for supervisory liability. *Palakovic*, 854 F.3d at 225–26 (holding that supervisory liability claims in suicide-risk cases should not be dismissed where plaintiffs plausibly allege knowledge and inaction). Causation can be reasonably inferred from the alleged failure to act despite knowledge of a foreseeable risk of harm, which is

sufficient to survive dismissal at the pleading stage.

### E.  Claims Under the Americans with Disabilities Act, 42 U.S.C. § 12132

Plaintiff also asserts claims under the Americans with Disabilities Act, 42 U.S.C. § 12132, alleging that Salem County failed to provide reasonable accommodations and protections for her serious mental health needs.  (*Compl.*, ECF No. 1 ¶¶ 1, 102.)  Defendants argue that these claims fail because Plaintiff's allegations reflect reliance on licensed medical personnel and isolated acts of negligence by correctional staff, rather than intentional discrimination. (*Mot.*, ECF No. 14-1 at 14–15.)  Title II requires a plaintiff to allege that she (1) is a qualified individual with a disability; (2) was denied the benefits of a public entity's programs or services; and (3) that such denial occurred by reason of her disability. *See Geness v. Cox*, 902 F.3d 344, 361 (3d Cir. 2018); *Haberle v. Troxell*, 885 F.3d 170, 178–79 (3d Cir. 2018).  Here, Plaintiff alleges that County policies and supervisory practices resulted in failure to implement adequate monitoring and suicide-prevention measures despite knowledge of her extensive psychiatric history and documented suicide risk. (*Compl.*, ECF No. 1 ¶¶ 76–109.)  At this stage, these allegations are sufficient to state a plausible ADA claim, as they go beyond mere medical judgment or negligence. *See Mokshefski v. Houser*, 2024 U.S. Dist. LEXIS 132091, at *7 (M.D. Pa. 2024).

### IV.    CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss (ECF Nos. 12, 13) are DENIED.  An appropriate Order will follow.

Hon. Karen M. Williams,
United States District Judge